ENOS L. JORDAN *et al.*, in equity, *vs.* THOMAS B. HASKELL *et als.*

*Location of lot for school house under R. S., c. 11, § 33.*

The provision of R. S., c. 11, § 33, that a school house lot shall revert to an owner, when a school house has "ceased to be thereon," for two years, does not apply to a case where no house has been placed on such lot within two years from the time the lot is designated for location by the municipal officers of a town.

The location of a school house lot is not invalid, merely because the bounds of the location, by mistake in some way, overlaps upon a public road.

BILL IN EQUITY, brought by Enos L. Jordan and Clement Jordan, junior, against the respondents, who were the selectmen of Cape Elizabeth at the date of filing the bill, setting out that their pre-

decessors in that office in 1870, acting as selectmen, made and located some alterations in a way known as "the Fowler road" in Cape Elizabeth, which changes the town voted to accept only upon conditions that were never performed, so that the original laying out of that road in fact remains unchanged; that such proceedings had been had that the selectmen of said town had designated land of said Enos L. Jordan for a lot upon which to place the school house of district number eight, and gave its clerk a certificate of the location and boundaries of said lot on the second day of June, 1871; and, without any new hearing or action on the part of the district, but of their own will and motion, proceeded, on the twentieth day of June, 1873, to employ a surveyor to make a survey and new location of said lot, with different boundaries from those so given the district clerk, and to erase the old boundaries from the certificate given the clerk and insert new ones therein; giving him no new certificate of their location; both of which locations, as originally made and as amended, extend a number of feet into the legally-existing limits of said Fowler road, and, at one end, nearly across the entire width of said road, in violation of the rights of the, complainants and of all the inhabitants of the town, county and State. And the complainants further show that the school house of the district has ceased to be upon either of the lots so located and defined by the selectmen for more than two years since said location whereby said lot (if ever legally taken) has reverted to said Enos L. Jordan, who was and still is sole owner thereof; but the defendants, claiming to act officially in so doing, now threaten to place the school house upon said lot, and have contracted for its removal thereto forthwith, and preparations to accomplish it are now being made; wherefore an injunction is prayed to prevent this being done. The defendants demurred to the bill, and the hearing was upon the demurrer. The removal of this school house has been for years a subject of litigation between the owner of the lot and those desiring to place this building upon it. See *Jordan* v. *School District No. 8, in Cape Elizabeth*, 60 Maine, 540, and the report of an action at law brought by Mr.

Jordan against these respondents, immediately following this case, page 193.

*F. O. J. Smith,* for the complainants.

*Howard & Cleaves* and *J. H. Drummond,* for the respondents.

PETERS, J.   This bill presents, substantially, that proceedings were had, by which, in June, 1871, the municipal officers of the town of Cape Elizabeth established a new location for the school house of school district No. 8, in that town ; that they gave a certificate of their determination, as required by law, to the clerk of the district within ten days afterwards ; that, in 1873, they made a new survey and location of the lot with different boundaries to the same, and altered their certificate, already in the clerk's possession, so as to conform thereto ; that both the original and amended locations include therein some portion of a public way in said town ; that the lot taken for the school house was a portion of the land of one of the complainants, and that the lot has reverted to him because there has been no school house thereon within two years since the location was made ; that the respondents are about removing the school house upon the lot referred to ; and the prayer is that an injunction may be granted to prevent such removal.

It is not alleged, whether the removal is to be upon the premises as described in the original or the amended return ; nor what the difference in the two certificates may be, or whether essential or not ; nor whether the removal is to be upon any part of the located lot claimed to consist of the public way ; nor is it alleged that the proceedings in the first location were irregular at all, or that the complainant, whose land was taken, was in any way unfairly dealt with in taking the same, as far as damages for his land or anything else was concerned.   It is inferable that there can be only such causes of complaint as are expressly alleged.   Two questions are thus presented, provided they are properly before us with these parties and this form of proceeding.

*First :*  Has the lot reverted to the complainants ?  The statute

provides that, when such school house as is required of the town or district "has ceased" to be thereon for two years, the lot may revert to the owner. Here the house has not ceased to be, nor begun to be, thereon. There must be the beginning before the end. This provision was intended to apply to an occupancy once had and abandoned. Any other construction might result in wholly preventing locations for school house purposes. By R. S., c. 11, § 34, the owner of the land taken has a year thereafter to apply to the commissioners for a jury to change the location and increase his damages, and the proceedings shall be conducted as in case of damages for laying out highways. Questions of law arising at such hearings can be brought here for the consideration of this court. This might take more time than two years. The district would take great risk to proceed in the meantime, as the location would be uncertain till the dispute was finally determined. We happen to know, through our relations with other cases, that this particular location has been contested by this complainant, in a litigation of just the kind referred to, which did not terminate until December, 1873.

The next question is, whether a location is void because including some part of a public way. For it nowhere appears that there was any design to block or occupy the way. Nor does it appear that the lot was not sufficiently large for all purposes without it. Nor is there any pretence that the district has to pay anything for that part of the location which covers the way. We do not see how this question can affect anybody but the school district itself in its corporate capacity. Enos L. Jordan has no right to complain. If his land is taken, the presumption is that he has been fully compensated for it.

Nor has the other complainant any cause of complaint. It is difficult to see why he appears as a party here. It does not appear that he lives in the school district, or that he has any property or interest there or elsewhere, other than what follows because he is a resident of the town. There would seem to be too many, or too few, parties complainant. If Clement Jordan, Jr., is not a proper

party, the bill cannot in its present shape be maintained. If a proper party, then the bill cannot be maintained, for want of other parties. Every other man in town is as necessary a party as he is. The town is not made a party, nor is the school district. Nor is there any allegation that the bill is brought in the complainants' names for and in behalf of other parties who are too numerous to join. There would seem to be an essential non-joinder or mis-joinder of parties. *Demurrer sustained.*

*Bill dismissed with costs.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.